Thomas M. Kerr (State Bar No. 241530)
HOLME ROBERTS & OWEN LLP
560 Mission Street, 25th Floor
San Francisco, CA 94105-2994
Telephone: (415) 268-2000
Facsimile: (415) 268-1999
tom.kerr@hro.com

Attorneys for Plaintiffs
SONY BMG MUSIC ENTERTAINMENT;
BMG MUSIC; UMG RECORDINGS, INC.;
MOTOWN RECORD COMPANY, L.P.;
ELEKTRA ENTERTAINMENT GROUP INC.;
and VIRGIN RECORDS AMERICA, INC.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; BMG MUSIC, a New York general partnership; UMG RECORDINGS, INC., a Delaware corporation; MOTOWN RECORD COMPANY, L.P., a California limited partnership; ELEKTRA ENTERTAINMENT GROUP INC., a Delaware corporation; and VIRGIN RECORDS AMERICA, INC., a California corporation,

    Plaintiff,

v.

APRIL TESSE,

    Defendant.

Case No.: C06-3461 PVT

Honorable Patricia Trumbull

**[PROPOSED] JUDGMENT AND PERMANENT INJUNCTION BASED ON STIPULATION**

1

|   |   |
|---|---|
| 1 | The Court, having considered the Stipulation to Judgment and Permanent Injunction |
| 2 | executed by the parties, |
| 3 | IT IS ORDERED AND ADJUDGED THAT: |
| 4 | 1. Plaintiffs have alleged that Defendant distributed (including by uploading) and/or |

The Court, having considered the Stipulation to Judgment and Permanent Injunction executed by the parties,

IT IS ORDERED AND ADJUDGED THAT:

1. Plaintiffs have alleged that Defendant distributed (including by uploading) and/or reproduced (including by downloading) via the Internet or an online media distribution system copyrighted sound recordings owned or controlled by the Plaintiffs, without Plaintiffs' authorization, in violation of 17 U.S.C. § 501. Without admitting or denying liability, Defendant has not contested plaintiffs' allegations, and has acknowledged that such conduct is wrongful.

2. Defendant shall pay to Plaintiffs in settlement of this action the total sum of $6080.00.

3. Defendant shall pay Plaintiffs' costs of suit (complaint filing fee and service of process fee) in the amount of $420.00.

4. Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in any sound recording, whether now in existence or later created, that is owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by:

   a) using the Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiffs' Recordings, to distribute (i.e., upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs; or

   b) causing, authorizing, permitting, or facilitating any third party to access the Internet or any online media distribution system through the use of an Internet connection and/or computer equipment owned or controlled by Defendant, to reproduce (i.e., download) any of Plaintiffs' Recordings, to distribute (i.e., upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs.

[Proposed] Judgment and Permanent Injunction Based on Stipulation
Case No. C06-3461 PVT
#28323 v1

Defendant also shall destroy all copies of Plaintiffs' Recordings that Defendant and/or any third party that has used the Internet connection and/or computer equipment owned or controlled by Defendant has downloaded without Plaintiffs' authorization onto any computer hard drive or server owned or controlled by Defendant, and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control.

5. Defendant irrevocably and fully waives notice of entry of the Judgment and Permanent Injunction, and understands and agrees that violation of the Judgment and Permanent Injunction will expose Defendant to all penalties provided by law, including for contempt of Court.

6. Defendant irrevocably and fully waives any and all right to appeal this Judgment and Permanent Injunction, to have it vacated or set aside, to seek or obtain a new trial thereon, or otherwise to attack in any way, directly or collaterally, its validity or enforceability.

7. Nothing contained in the Judgment and Permanent Injunction shall limit the right of Plaintiffs to recover damages for any and all infringements by Defendant of any right under federal copyright law or state law occurring after the date Defendant executes the Stipulation to Judgment and Permanent Injunction.

8. Defendant shall not make any public statements that are inconsistent with any term of the Stipulation to Judgment and Permanent Injunction.

9. The Court shall maintain continuing jurisdiction over this action for the purpose of enforcing this final Judgment and Permanent Injunction.

Dated: _____     By: _____
~~Honorable Patricia Trumbull~~
United States ~~Magistrate~~ Judge

3

[Proposed] Judgment and Permanent Injunction Based on Stipulation
Case No. C06-3461 PVT
#28323 v1

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

 I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action. My business address is 560 Mission Street, 25th Floor, San Francisco, CA 94105.

 On February 21, 2007, I served the foregoing document described as:

**STIPULATION TO JUDGMENT AND PERMANENT INJUNCTION; PROPOSED JUDGMENT AND PERMANENT INJUNCTION BASED ON STIPULATION**

on the interested party in this action by placing a true and correct copy thereof enclosed in a sealed envelope addressed as follows:

**April Tesse**
**960 San Simeon Dr.**
**Concord, CA 94518**

 X BY MAIL: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

 Executed on February 21, 2007, at San Francisco, California.

 I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_Molly Morris_
Molly Morris

Proof of Service
Case No. C06-3461 PVT
#28322 v1